**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: KENNETH HOWARD MACWAY; JOYCE LAMBERT MACWAY, <br><br> Debtors, <br> _____ <br><br> TRACY HOPE DAVIS, United States Trustee, <br><br> Plaintiff - Appellee, <br><br> v. <br><br> KENNETH HOWARD MACWAY, <br><br> Defendant - Appellant. | No. 14-16680 <br><br> D.C. No. 3:12-cv-00519-MMD-WGC <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, District Judge, Presiding

Submitted July 26, 2016**
San Francisco, California

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: BERZON and N.R. SMITH, Circuit Judges, and ZOUHARY,*** District Judge.

Kenneth Howard Macway appeals the district court's affirmance of the bankruptcy court's judgment. The bankruptcy court denied Macway discharge under Chapter 7 of the Bankruptcy Code after finding that Macway did not keep adequate records of alleged gambling losses.

We review the bankruptcy court's decision without deference to the district court and apply the same standard of review applied by the district court. *See Retz v. Samson (In re Retz)*, 606 F.3d 1189, 1196 (9th Cir. 2010). We review the bankruptcy court's choice of legal rules and application of the facts to those rules de novo. *Id.* We review the bankruptcy court's factual determinations for clear error. *Id.* "A court's factual determination is clearly erroneous if it is illogical, implausible, or without support in the record." *Id.*

1. The bankruptcy court did not err in concluding that Macway's discharge should be denied. Under 11 U.S.C. § 727(a)(3), a debtor is not eligible for discharge if he "has . . . failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure

---

*** The Honorable Jack Zouhary, United States District Judge for the Northern District of Ohio, sitting by designation.

to act was justified under all of the circumstances of the case." The party objecting to discharge bears the initial burden of proving that the debtor should be denied a discharge. *In re Retz*, 606 F.3d at 1196. "Once the objecting party shows that the debtor's records are absent or are inadequate, the burden of proof then shifts to the debtor to justify the inadequacy or nonexistence of the records." *Lansdowne v. Cox (In re Cox)*, 41 F.3d 1294, 1296 (9th Cir. 1994).

The U.S. Trustee showed, by a preponderance of the evidence, that (1) Macway "failed to maintain and preserve adequate records, and (2) . . . such failure ma[de] it impossible to ascertain [his] financial condition and material business transactions." *See id.* (quoting *Meridian Bank v. Alten*, 958 F.2d 1226, 1232 (3d Cir. 1992)). The bankruptcy court made a number of factual findings, which Macway does not dispute. Macway concedes that he did not maintain or preserve records, but contends that the court could nonetheless ascertain his financial condition based on the evidence he provided at trial (win–loss statements from casinos, tax forms, emails, travel schedules, and investment certificates). However, Macway's evidence was internally inconsistent and not reliable for reasons described by the U.S. Trustee and adopted by the bankruptcy court. Thus, the bankruptcy court did not err in finding that Macway's failure to keep adequate records rendered Macway's true financial condition unascertainable. Further, to the

extent Macway argues that his failure to preserve records was justified, such argument fails because Macway was a well-educated, sophisticated international businessman with experience keeping financial records. He should have understood the need to maintain and preserve business records for his gambling syndicate activities. *See id.* at 1297.

2.      The bankruptcy court's determination that Macway violated § 727(a)(3) is consistent with its determination that Macway did not violate § 727(a)(5). Under § 727(a)(5), the debtor is only required to provide an "adequate explanation" for the disposition of assets that the debtor once owned, but no longer owned at the time the bankruptcy petition was filed. *In re Retz*, 606 F.3d at 1205. The bankruptcy court accepted as adequate Macway's explanation that all of his funds were gambled. However, the bankruptcy court concluded that, even if Macway had gambled all of the funds, he should still be denied discharge under § 727(a)(3) for failing to maintain and preserve records of his finances.

        **AFFIRMED.**

**_Tracy Davis, et al v Kenneth Macway 14-16680_**

Berzon, J., concurring,

I concur, because the memorandum disposition accurately applies our case law with respect to the retrospective obligation imposed by 11 U.S.C. § 727(a)(3) to "keep and preserve" records before filing for bankruptcy.  *See In re Caneva*, 550 F.3d 755, 762 (9th Cir. 2008).  I note, however, that that reading of the statute seems to me insupportable.

Nothing in that section imposes a retroactive obligation to have created or maintained adequate financial records before the filing of the bankruptcy.  Instead, that provision prohibits discharge if a debtor has "concealed, destroyed, mutilated, falsified, or failed to keep or preserve *any recorded information,* including books, documents, records, and papers . . . ." 11 U.S.C. § 727(a)(3) (emphasis added). The term "any recorded information" is both in the past tense and agnostic, by using the term "any," as to whether any such writings actually exist.  So the statute quite plainly, in my view, refers to "any" <u>already</u> recorded information, not to creating adequate records in the first place.

"Keep or preserve" similarly indicates retention in a usable form, not creation; "preserve" in this context need not be seen as not synonymous with "keep" in the sense of retain, as the word "preserve" connotes assuring against deterioration, such as, with regard to "books, documents, records, or papers,"

water damage or sun damage. And the other words in the two statutory lists all pertain to existing documents and actions taken with regard to those documents, not to the creation of documents in the first place, or their quality.

So I am quite dubious that the bankruptcy code imposes an obligation to have recorded transactions adequately before filing for bankruptcy as a condition of discharge in bankruptcy. Nonetheless, the contrary interpretation -- that Section 727(a)(3) imposes an affirmative, pre-bankruptcy duty adequately to document financial transactions -- is embedded firmly in the case law and secondary literature. *See Caneva*, 550 F.3d at 762; *Peterson v. Scott*, 172 F.3d 959, 969 (7th Cir. 1999); 6 *Collier on Bankruptcy* 727-32 & 33 (16th ed. Rev. 9/2010) ("A proper record of past business transactions for a reasonable period of time has always been required under this clause"). The cases tend inaccurately to paraphrase the statute, and then to conclude that there is some pre-bankruptcy obligation, independent of obligations imposed by other statutes or regulations, to have recorded financial transactions sufficiently to trace them post-bankruptcy. The appellant in this case does not challenge that case law.

I therefore, despite my qualms about the statutory interpretation we rely upon, concur in the memorandum disposition, in full.